KLEES, Judge.
Plaintiff John Mabry appeals a judgment of the district court affirming a ruling of the Louisiana State Racing Commission. In its ruling, the Commission fined plaintiff $800.00 and suspended him from all racetrack privileges for a period of seventy days as a result of his alleged violation of the Commission’s claiming rule. After a careful review of the record, we affirm the district court’s judgment.
For some time prior to December of 1981, the plaintiff served as trainer of a horse named “Bold J.W.,” owned by Mrs. Judith Watson. In December of 1981, Mrs. Watson lost her horse when it was claimed in a claiming race. On December 16th, plaintiff claimed for Mrs. Watson a horse named “Shy Omar,” signing Mrs. Watson’s name to the claiming form and using funds from her account. After learning of this incident a few days later, Mrs. Watson wrote a letter to the Fair Grounds Racing Stewards stating that she had never given plaintiff Mabry any authority, verbal or written, to claim horses in her name. On December 27th, following their investigation of the matter, the Racing Stewards issued their “Ruling No. 192,” which ordered that the claim be voided, the horse “Shy Omar” be returned to its original owner, and the proper adjustment be made to Mrs. Watson’s account. The next day, the Racing Stewards issued “Ruling No. 198,” which fined plaintiff Mabry $200.00 (the maximum amount within their power) and referred the case to the Louisiana State Racing Commission with the recommendation that Mabry be fined an additional $800.00 for violation of the claiming rule. After hearing the case, the Commission not only imposed the additional fine, but also suspended Mabry from the racetrack for seventy days.
The rule that plaintiff is charged with violating, known as LAC .11-6.45.1, provides as follows:
45.1 In claiming races any horse is subject to being claimed for its entered price by any racing interest recognized by the Commission, by a licensed horse owner, or his authorized agent, but only for the account of the person making the claim, or for whom the claim was made by the agent (provided however, that no person shall claim his own horse or a horse in which he has an interest or cause his horse to be claimed directly or indirectly for his own account). Also, a claim may be made by any person who has established his qualifications to claim by filing an application for license as a horse owner and has been granted a certificate authorizing the claim by the stewards at the meeting where a horse is to be claimed. A claim certificate shall not be issued until all conditions and qualifications for a horse owner’s license have been met or completed. A claim certificate thus, issued will be voided if no claim is made within thirty days of issuance, and the owner’s license will be withdrawn.
(Emphasis added). LAC 11-6:1.7, in the definitions section of the rules, defines “Authorized Agent” as “Any person currently licensed as an agent for a licensed owner by virtue of notarized appointment of agency lodged with the Commission.” Although he admits that he was not the licensed authorized agent of Mrs. Watson, plaintiff contends he was nevertheless justified in claiming the horse because Mrs. Watson’s husband, Tom, had called plaintiff several days before and requested that plaintiff claim a horse for his wife as a surprise for Christmas. Plaintiff also claims that he had notified Tom Watson upon acquiring “Shy Omar,” and that Mr. Watson had approved of plaintiff’s action.
Although Judith Watson’s initial letter to the Stewards denies that she or her husband had any knowledge of the claim *1132 \ing of “Shy Omar”, neither of the Watsons were present to testify before the Racing Commission. Despite their absence, however^ we find that the evidence clearly establishes that Mr. Mabry knowingly violated the claiming rule. When he testified before the Commission, Mr. Mabry admitted that he knew he was not authorized at the time he signed Mrs. Watson’s name. Therefore, it is immaterial whether or not Mr. Watson asked plaintiff to claim the horse for his wife, since plaintiff knew that such a request did not amount to authorization under the Rules. In view of plaintiffs deliberate violation of the Commission Rules, we think the Commission’s action was proper, and none of plaintiff’s arguments to the contrary convinces us otherwise.
First, plaintiff argues that the Commission proceeding violated Article I, Section 16 of the Louisiana State Constitution, which provides that every person “charged with a crime” is entitled to a trial in which he has the opportunity “to confront and cross-examine the witnesses against him, to compel the attendance of witnesses, to present a defense, and to. testify in his own behalf.” Mr. Mabry contends that his constitutional rights under this article were violated because Mr. and Mrs. Watson, who live out of state and are beyond the Commission’s subpoena power, did not attend the Commission hearing. This argument is fallacious because plaintiff was not charged with a crime, but with a violation of a Racing Commission rule. The Commission hearing was not in any sense a criminal trial. Although it is true, as plaintiff points out, that the Commission ultimately decided to refer the matter to the District Attorney for investigation of possible criminal activity, that decision is not pertinent here. Presumably, if plaintiff is eventually charged with the violation of a criminal statute, he will be afforded his full constitutional rights.
Secondly, plaintiff argues that he had a right to believe he was acting as Mrs. Watson’s authorized agent because Louisiana law provides that a power of attorney may be given verbally. See LSA-C.C. art. 2992. Nevertheless, this assertion does not change the fact that Mrs. Watson had not authorized Mr. Mabry to be her agent under the procedure specified by the Racing Commission rules. Furthermore, even though a power of attorney may be given verbally, it must be given by the person himself; i.e., Tom Watson could not have legally given his wife’s power of attorney to Mr. Mabry.
Finally, plaintiff objects to the Commission’s use of the term “forgery”, claiming that the crime of forgery as defined in LSA-R.S. 14:72 has not been proven. This contention is misplaced, as it is obvious that the term “forgery” was used in its general sense and that the crime of forgery was never mentioned. Indeed, the Racing Commission has no authority to charge any person with a crime of any sort, and did not attempt to do so in this case.
Accordingly, for the foregoing reasons given, we find that plaintiff John Mabry did violate the Louisiana State Racing Commission rule known as LAC 11-6:45.1, and that the Commission’s action in disciplining Mr. Mabry was appropriate. Therefore, we affirm the judgment of the district court in favor of the Racing Commission. All costs to be borne by appellant.
AFFIRMED.